# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA
# COURT FILE NO.: 0:14-CV-01039

| | |
|---|---|
| Shawn T. Johnson,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Credit Control Services, Inc. d/b/a<br>Credit Collection Services,<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") by Defendant and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Shawn T. Johnson (hereinafter "Plaintiff") is a natural person who resides in the City of Bloomington, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and a

-1-

person effected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

5. Defendant Credit Control Services, Inc. d/b/a Credit Collection Services (hereinafter "Defendant") is a collection agency and foreign business corporation with a principal place of business located at Two Wells Avenue, Newton, Massachusetts 02459, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Defendant attempted to collect from Plaintiff an alleged financial obligation for $296.10 that was primarily for personal, family or household purposes and is therefore a "debt' as that term is defined by 15 U.S.C. § 1692a(5), namely, money allegedly owed to American Family Insurance for coverage on a motor vehicle.

7. This alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

8. However, Plaintiff never incurred the alleged debt that Defendant has attempted to collect from him.

9. Plaintiff has never been insured by American Family Insurance for any vehicle he has ever owned, and has never had any contractual relationship with American Family Insurance.

10. Plaintiff vigorously disputes that he ever owed a debt to American Family Insurance, and has denied any such obligation that Defendant has attempted to collect from him.

### *Illegal Collection Letter – March 16, 2014*

11. On or around March 16, 2014, Defendant sent a collection letter to Plaintiff demanding payment for this alleged debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

12. The first part of Defendant's March 16, 2014, collection letter stated, in relevant part, the following:

> REGARDING:                                              PAST DUE:
> AMERICAN FAMILY INSURANCE                   $296.10
>
> **WARNINGNOTICE.COM – WARNINGNOTICE.COM**
>
> This notice and all further steps undertaken by this agency will be in compliance with applicable State and Federal Law(s). In accordance with Federal Law, the following *warning notice* is required: This is an attempt to collect a debt and any information obtained will be used for that purpose. This communication was sent from a debt collector.
>
> The above referenced amount is due for coverage provided under your insurance contract. Please remit payment by mail or visit our secure website @ **www.WarningNotice.com**. Self service menu options include:
> - Paying online by check or credit card
> - Establishing payment arrangements with this office
> - Printing scheduled payment vouchers
> - Entering proof of prior payment
> - Accessing help desk information, etc.

>Please call if you have any questions, concerns, or would simply like personal assistance. Our call center is committed to providing a professional customer service experience. Thank you.

>(Italic emphasis added).

13. Notably, the statement in Defendant's March 16, 2014, collection letter, that "all further steps undertaken by this agency will be in compliance with applicable State and Federal Law" implies that this collection letter was sent from an attorney and/or that the collection letter was vouched for by the United States or any State.

14. By implying that they have not and will not do anything in violation of the law, Defendant's statement regarding legal compliance misled Plaintiff as to his rights under the FDCPA and his legal rights with respect to any other State consumer protection laws.

15. Defendant's statement regarding legal compliance in its March 16, 2014, collection letter, violated the FDCPA at 15 U.S.C. §§ 1692e(1), 1692e(3), and 1692e(9), among other provisions.

16. Moreover, in its March 16, 2014, collection letter, Defendant's use of bolded and capitalized "warning" language, that was also in a larger font size and inverted font colors, indicated a possible or impending problem for Plaintiff if he did not pay this debt.

17. Defendant's March 16, 2014, collection letter also included the disclosures required by 15 U.S.C. § 1692e(11), but Defendant mischaracterized the legally required disclosures as a "warning notice," rather than a statement of Defendant's identification and purpose.

18. Altogether, Defendant's use of this warning language deceived and misled Plaintiff as to the character and legal status of this debt, which created fear and a false sense of urgency in Plaintiff, in violation of the FDCPA at 15 U.S.C. §§ 1692e(2), 1692e(5), and 1692e(10), among other provisions.

19. Defendant's March 16, 2014, collection letter also stated, in relevant part, the following:

> CREDIT REPORTING: You are hereby notified that a negative credit report reflecting on your credit record may be submitted to a consumer reporting agency if you fail to fulfill the terms of your credit obligations. Adverse credit information is scheduled to be reported on or after 04/25/14.

20. In this credit reporting statement, Defendant threatened to adversely report this account to Plaintiff's credit bureaus, unless Plaintiff paid this debt; a debt that Plaintiff has never owed.

21. Defendant's threat of adverse credit reporting in its March 16, 2014, collection letter to Plaintiff was a threat to take an action that could not legally be taken and a threat to communicate to another person false credit information, in

violation of the FDCPA at 15 U.S.C. §§ 1692e(5) and 1692e(8), among other provisions.

22. Additionally, Defendant's demand for payment from Plaintiff for this American Family Insurance debt was an illegal communication with a third party in an attempt to collect this debt, and the illegal collection of a debt that Plaintiff never owed, in violation of the FDCPA at 15 U.S.C. §§ 1692c(b), 1692e(2), and 1692f(1), among other provisions.

23. Defendant's false, deceptive and misleading representations and threats to Plaintiff, in this March 16, 2014, collection letter, were material representations that affected and frustrated his ability to respond to Defendant because Plaintiff was left puzzled as to what this debt was and why Defendant would be adversely reporting to his credit bureaus.

24. This communication from Defendant was a deceptive, misleading, unfair and illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(b), 1692e, 1692e(1), 1692e(2), 1692e(3), 1692e(5), 1692e(7), 1692e(8), 1692e(9), 1692e(10), 1692f, and 1692f(1), amongst others.

### *Illegal Collection Call – March 26, 2014*

25. On March 26, 2014, Plaintiff called Defendant and spoke with Defendant's collection agent who conveyed information about this debt to Plaintiff, which

was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

26. During this call, Plaintiff stated that he received a collection letter from Defendant and he provided the file number on the collection letter.

27. Defendant's collection agent then stated that this debt was for American Family Insurance coverage on a Ford or a boat, or words to that effect.

28. Plaintiff responded that he has never had a Ford and has never had American Family Insurance, or words to that effect.

29. Defendant's collection agent then provided two addresses in Minneapolis and asked Plaintiff if he had ever lived at those addresses, or words to that effect.

30. Plaintiff responded that he had not lived at either of those addresses, and provided his current address.

31. Defendant's collection agent then asked Plaintiff to return the collection letter to Defendant, and the call ended shortly thereafter.

32. During this March 26, 2014, collection call with Plaintiff, Defendant's collection agent failed to conform to the allowable communications with third parties pursuant to 15 U.S.C. §§ 1692b and 1692c(b), namely, by stating that a debt was owed to American Family Insurance, and by failing to limit her request to "location information," as defined by 15 U.S.C. § 1692a(7).

33. During this collection call, Defendant's collector also failed to state that she was only confirming or correcting location information concerning the consumer as required by 15 U.S.C. § 1692b(1).

34. Moreover, Defendant's collector presumably provided personal information related to the consumer who allegedly owes this debt, namely the addresses at which that consumer resided.

35. This communication from Defendant was an illegal communication in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692b(1), 1692b(2), 1692b(3), and 1692c(b), amongst others.

### *Summary*

36. The above-described collection communications made to Plaintiff by Defendant and the collection employees employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

### *Respondeat Superior Liability*

37. The acts and omissions herein of the individuals employed to collect debts by Defendant, and the other debt collectors employed as agents of Defendant who communicated with Plaintiff as more further described herein, were committed

within the time and space limits of their agency relationship with their principal, the Defendant.

38. The acts and omissions by these individuals and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

39. By committing these acts and omissions against Plaintiff, these individuals and these other debt collectors were motivated to benefit their principal, Defendant.

40. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA in its attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

41. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

44. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 *et seq.*

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

**BARRY & HELWIG, LLC**

Dated: April 10, 2014

By:  **s/Patrick J. Helwig**
Patrick J. Helwig, Esq.
Attorney I.D.#0391787
2701 University Ave. SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
phelwig@lawpoint.com
**Attorney for Plaintiff**

# VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA )
) ss
COUNTY OF HENNEPIN )

Pursuant to 28 U.S.C. § 1746, Plaintiff Shawn T. Johnson, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___4___ , ___10___ , ___2014___
             Month       Day       Year

_____
Signature